### UNITED STATES COURT OF INTERNATIONAL TRADE

### BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| PHOENIX METAL CO., LTD., | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| UNITED STATES, | )    Court No. 23-00048 |
| | ) |
| Defendant, | ) |
| and | ) |
| | ) |
| THE CAST IRON SOIL PIPE INSTITUTE, | ) |
| | ) |
| Defendant-Intervenor. | ) |
| | ) |

## DEFENDANT'S PARTIAL CONSENT MOTION FOR A VOLUNTARY REMAND

Pursuant to Rule 7(b) of the Rules of the U.S. Court of International Trade, defendant, the United States, respectfully requests that the Court enter a limited voluntary remand in this case for up to 90 days so that U.S. Customs and Border Protection (Customs) may reconsider or further explain its evasion determination in light of the precedential decision issued by the United States Court of Appeals for the Federal Circuit in *Royal Brush Manufacturing, Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023), and stay briefing on Phoenix's motion for judgment on the agency record pending Customs' redetermination.  On October 31, 2023, Vivien Jinghui Wang, counsel for plaintiff, Phoenix Metal Co. Ltd. (Phoenix), indicated via email that Phoenix opposes the motion and intends to file a written response.  On October 30, 2023, Nicholas J. Birch, counsel for defendant-intervenor, the Cast Iron Soil Pipe Institute (CISPI), indicated via email that CISPI consents to the motion.

In its brief, Phoenix argues that it was deprived of due process by the imposition of interim measures without prior notice and by the lack of access to confidential business

proprietary information on which Customs relied to support its determination as to evasion.  Pl.'s

Mem. In Supp. of Mot. for J. on the Agency R. (Aug. 9, 2023) at 11-26, ECF No. 30 (Pl. Mem.).

Moreover, Phoenix contends that "{a}ll of the information on the verifiers' interviews with

Phoenix staff and workers" during the on-site verification visit and the verifiers' "impressions

and conclusions" included in the verification report constituted new factual information, which

Phoenix should have been afforded a right to rebut.  *Id.* at 34-37.  Further, Phoenix argues that

Customs' decision to draw adverse inferences from the facts available was arbitrary and

capricious.  *Id.* at 37-45.

Without confessing error, we respectfully request that the Court grant a limited voluntary

remand in light of the Federal Circuit's holdings in *Royal Brush* concerning the treatment of

confidential information in an Enforce And Protect Act (EAPA) investigation.  An agency may

ask the Court to remand a matter, without confessing error, so that an agency may reconsider its

prior position.  *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001).  In *SKF

USA*, the court outlined three separate scenarios in which an agency may seek a remand: (1) to

reconsider its decision because of intervening events outside of the agency's control; (2) to

reconsider its previous position (absent any intervening events) without confessing error; and (3)

to change the result because the agency believes the original decision was incorrect on the

merits.  *Id.* at 1028.

A voluntary remand is "generally appropriate 'if the agency's concern is substantial and

legitimate.'"  *SeAH Steel Corp. v. United States*, 704 F. Supp. 2d 1353, 1378 (Ct. Int'l Trade

2010) (quoting *SKF USA*, 254 F.3d at 1029); *see also Ad Hoc Shrimp Trade Action Committee v.

United States*, 882 F. Supp. 2d 1377, 1381 (Ct. Int'l Trade 2013).  "A concern is substantial and

legitimate when (1) {Customs} has a compelling justification, (2) the need for finality does not

outweigh that justification, and (3) the scope of the request is appropriate." *Changzhou Hawd Flooring Co., Ltd. v. United States,* 6 F. Supp. 3d 1358, 1360 (Ct. Int'l Trade 2014) (citing *Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States,* 925 F. Supp. 2d 1332, 1338-39 (Ct. Int'l Trade 2013)).  Further, as this Court has explained, when an agency seeks a voluntary remand "to correct a mistake or address some other substantial and legitimate concern, it is far more sensible for a court to defer to the agency whose expertise, after all, consists of administering the statute." *Gleason Indus. Prod. Inc. v. United States*, 31 CIT 393, 396 (2007).

Here, in light of the Federal Circuit's precedential decision in *Royal Brush*, Customs has a substantial and legitimate basis to reconsider the actions it took with respect to procedural steps leading up to the final decision; specifically, to provide the parties access to confidential business information.  Customs intends to also further explain its rejection of information that it deemed to be "new factual information."  In *Royal Brush*, the Federal Circuit held that there "is no legitimate government interest {} in refusing to provide confidential business information" when any such "concerns about the necessity of secrecy can be alleviated by issuing a protective order{.}"  75 F.4th at 1259.  The Court further noted that Customs has the "inherent authority to issue protective orders" and that there would be "no risk" to "narrowly releasing the information" to the plaintiffs.  *Id.* at 1261.  In compliance with the *Royal Brush* decision, Customs now intends to provide access to the confidential business information on the administrative record of this proceeding to Phoenix's authorized representatives under a protective order.  Thus, this request for a voluntary remand is supported by a compelling justification.[1]

---

[1] We note that this Court has recently granted a similar request for a limited remand to allow Customs the opportunity to reconsider or further explain its evasion determination in light

3

Remand is particularly appropriate because it may allow Customs to "cure the very legal defects asserted by plaintiffs challenging federal action." *Citizens Against the Pellissippi Parkway v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) (finding district court abused its discretion by not granting motion for voluntary remand for agency to address error alleged by plaintiff); *see also Baroque Timber*, 925 F. Supp. 2d at 1339 ("Clarifying and correcting a potentially inaccurate determination is a compelling justification {for voluntary remand}.").  By requesting a voluntary remand, the Government does not waive any defenses regarding the decision at issue nor any arguments related to the merits of the issues before the Court.  *See, e.g.*, *Tianjin Wanhua Co., Ltd. v. United States*, 253 F. Supp. 3d 1318, 1327-28 (Ct. Int'l Trade 2017) (finding that by requesting a voluntary remand on the entire issue of surrogate country selection and addressing all of respondent's arguments on remand, Commerce did not waive specific arguments about the quality of Indonesian financial ratio data, which were related to the surrogate country selection issue); *Nippon Steel Corp. v. United States*, 345 F.3d 1379, 1381-82 (Fed. Cir. 2003) (holding that the Court "should have remanded once again for further proceedings rather than instructing entry by the {International Trade} Commission of a negative injury determination.").

Should the Court grant our request for a limited voluntary remand, we respectfully suggest that it enter an amended protective order similar to that entered in *Newtrend USA Co., Ltd. et al. v. United States*, No. 22-00347 (Ct. Int'l Trade), and *Ad Hoc Shrimp Trade Enforcement Committee v. United States*, No. 21-00129 (Ct. Int'l Trade), in which cases the

---

of the *Royal Brush*.  Order, *Newtrend USA Co., Ltd. et al. v. United States*, No. 22-00347 (Ct. Int'l Trade Oct. 20, 2023), ECF No. 68.

Court fashioned a protective order upon remand that allowed the plaintiffs to access proprietary information.[2]

## **<u>CONCLUSION</u>**

For these reasons, we respectfully request that the Court remand this matter to Customs for up to 90 days for further administrative proceedings, to provide the parties access to business confidential information and further explain its decision to reject any information that Customs deemed to be "new factual information" during the investigation.  We also respectfully request that the Court stay briefing on Phoenix's motion for judgment on the agency record—including defendant and defendant-intervenor's November 7, 2023 deadline to file their response briefs—pending Customs' redetermination.

---

[2]  We have included the protective order as Attachment 1.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

                                                s/Liridona Sinani
OF COUNSEL:                                     LIRIDONA SINANI
                                                Trial Attorney
NICOLAS A. MORALES                              Commercial Litigation Branch
Attorneys                                       Civil Division
Office of Chief Counsel                         U.S. Department of Justice
U.S. Customs and Border Protection              P.O. Box 480
                                                Ben Franklin Station
                                                Washington, DC 20044
                                                Telephone:    (202) 353-2188
                                                Facsimile:    (202) 307-0972
                                                Email:        Liridona.Sinani@usdoj.gov

October 31, 2023                                *Attorneys for Defendant*

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE**

| | |
|---|---|
| ———————————————————— ) | |
| PHOENIX METAL CO., LTD.,                           ) | |
|                                                    ) | |
|                              Plaintiffs,           ) | |
|               v.                                   ) | |
|                                                    ) | |
| UNITED STATES,                                     ) | Court No. 23-00048 |
|                                                    ) | |
|                              Defendant,            ) | |
|               and                                  ) | |
|                                                    ) | |
| THE CAST IRON SOIL PIPE INSTITUTE,                 ) | |
|                                                    ) | |
|                              Defendant-Intervenor. ) | |
| ———————————————————— ) | |

## ORDER

Upon consideration of defendant's partial consent motion for a voluntary remand, it is hereby

ORDERED that defendant's motion is granted.


Dated _____                    _____
       New York, N.Y.                                                    Judge

7

ATTACHMENT 1

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

————————————————————————————

| | |
|---|---|
| PHOENIX METAL CO., LTD., | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) |
| UNITED STATES, | )   **Court No. 23-00048** |
| | ) |
| **Defendant,** | ) |
| **and** | ) |
| | ) |
| THE CAST IRON SOIL PIPE INSTITUTE, | ) |
| | ) |
| **Defendant-Intervenor.** | ) |

————————————————————————————

## AMENDED PROTECTIVE ORDER

1.      For purposes of this Protective Order, "Confidential Information" means information, data, and documents the disclosure of which to or by the receiving party would, in the good faith belief of the producing party, result in the disclosure of one of the following categories of information: (1) proprietary, business, financial, technical, trade secret, or commercially sensitive information; (2) information that any party or person is prohibited from releasing publicly pursuant to contracts, applicable statutes, applicable regulations, or directives from the Government; (3) private information that is otherwise protected from disclosure under applicable law including, but not limited to, personnel files; and (4) other confidential research, development, or commercial information as set forth in USCIT Rule 26(c)(1)(G).

2.      This Protective Order is not intended to address or govern claims of privilege or work product that may otherwise be asserted by any of the parties.  This Protective Order does not restrict in any manner a party's use of its own Confidential Information.  This Protective Order shall also govern any remand proceedings before U.S. Customs and Border Protection

("CBP") resulting from this action.

3.      No receiving party may disclose any document designated as containing Confidential Information, or any information contained in such a document, to any person other than:

    A.      Counsel for a party in this action who are engaged in the conduct or preparation of this action, any remand proceedings before CBP resulting from this action, or any appeal from a decision in this action;

    B.      Secretaries, paralegal assistants, clerical personnel, and other employees of a party in this action who are engaged in assisting counsel (as described in item A of this paragraph) in the preparation of this action;

    C.      Persons who prepared, received, or reviewed Confidential Information prior to its production in this case;

    D.      Government personnel or investigators to whom counsel determine in good faith that disclosure is required to assist in the prosecution, defense or resolution of this case;

    E.      Authorized personnel of the U.S. Court of International Trade;

    F.      Videographers or court reporters retained by a party to this action or the Court;

    G.      Any third party consultant or experts who are retained to assist in the preparation of this action or any remand proceedings before CBP resulting from this action.

4.      For the purposes of this proceeding and any remand proceedings before CBP

resulting from this action, the parties will rely on Form 17 (Business Proprietary Information Certification) of the Court to gain access to Confidential Information.  Upon the filing of a Form 17, counsel for Plaintiff and Defendant-Intervenor shall be provided access to the Confidential Information filed on the record of this proceeding, consistent with the terms of this Protective Order.  Counsel for Plaintiff and Defendant-Intervenor shall cause all persons under counsel's direction and control who see Confidential Information to comply with the terms of this Protective Order.

5.      All persons having access to Confidential Information shall maintain it in a safe and secure manner to ensure compliance with this Protective Order.  Persons receiving Confidential Information pursuant to this Protective Order will not make use of or disclose any Confidential Information for any purpose other than the litigation of this action.  A party, or a party's attorney, waives the protection of this Protective Order as to the information of the party contained in any filing of that party or any information of the party contained in the administrative record, when it files such information without redaction and not under seal.

6.      Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Confidential Information consistent with this Protective Order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

7.      A designation of information as "confidential" is to be made by stamping or otherwise inscribing the word "CONFIDENTIAL" and/or "BUSINESS PROPRIETARY

3

INFORMATION" and/or "PROPRIETARY DOCUMENT" and/or "SUBJECT TO PROTECTIVE ORDER" upon the document itself.  When a document contains information that is both non-confidential and confidential, the producing party will make a reasonable effort to segregate the confidential portions by clearly identifying the specific pages and/or portions thereof which are confidential.  The filing with the Court of confidential and public versions of a party's appendix will satisfy the requirements of this paragraph.  Any Confidential Information must be appropriately identified by enclosing it in brackets.  Those portions of documents which are not confidential will not be restricted by this Protective Order, and the parties, in their publicly filed pleadings, publicly filed briefs, or other publicly filed submissions, may quote, reference, or summarize non-BPI and other non-confidential information contained in a document containing both non-confidential and confidential information, without redaction.

8.      Any documents, including briefs and memoranda that are filed with the Court in this civil action or with CBP in any remand proceeding resulting from this action and that contain any Confidential Information, shall be conspicuously marked as containing Confidential Information that is not to be disclosed to the public.

9.      Arrangements shall be made with the Clerk of the Court to retain such documents under seal, permitting access only to the Court, Court personnel authorized by the Court to have access, counsel for the plaintiff, counsel for the defendant, and counsel for defendant-intervenor. The party filing any document referred to in this paragraph shall also file within one business day after the date of filing the document another copy of such document from which all of the confidential information shall have been deleted in accordance with Rule 5(g) of the Rules of this Court.  During any remand proceedings before CBP, documents including a claim for business confidential treatment under this Protective Order must be served on counsel to the

other parties to the remand proceedings using a secure file sharing service acceptable to all parties.

10.     If counsel for any party to this Protective Order finds it necessary to refer to Confidential Information in any oral proceeding before this Court, such counsel shall notify the Court and all other counsel of record as soon as the necessity becomes apparent and propose whatever mechanism which may be available and appropriate to prevent disclosure of Confidential Information to persons other than those authorized by this Protective Order.

11.     The obligations and protections imposed by this Protective Order shall include all remand proceedings before CBP and continue beyond the conclusion of this case, including any appellate proceedings, or until the Court orders otherwise.

12.     Upon conclusion of this litigation, including such appellate review as may occur, documents designated as Confidential Information and all copies of same (other than exhibits of record) will be destroyed by any non-Government receiving party; or alternatively, if requested by the producing party, such documents and copies (other than exhibits of record) will be returned by the non-Government receiving party to the producing party at that party's request, other than copies containing work notes of counsel or other authorized persons, which will be destroyed.

13.     Any party may petition the Court, on reasonable notice to all other parties, for a modification of the terms of this Protective Order.  The Court shall have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, including during any remand proceedings before CBP, notwithstanding the final termination or conclusion of this case.

14.     If a dispute arises concerning the designation of any Confidential Information, the

parties shall first take reasonable steps to meet and confer in good faith to resolve any dispute on an informal basis before seeking the Court's intervention.  During any remand proceeding before CBP, any dispute concerning the designation of any Confidential Information shall be first resolved by determination of CBP as part of its remand redetermination and in accordance with CBP's regulations and procedures and the remand procedures ordered by the Court.  If a dispute regarding designation of any Confidential Information is not resolved to the satisfaction of the parties by CBP's determination, the parties may challenge such determination as part of any challenge to CBP's remand redetermination.

15.     If the parties cannot informally resolve any dispute regarding whether particular information is properly designated, or properly not designated, as Confidential Information under this Protective Order, a party may apply to or move the Court for an in camera determination or Order that Confidential Information is not entitled to such designation status and protection from disclosure.  The Designating (or non-Designating) Party shall be given notice of the application or motion and a reasonable opportunity to respond.  Material designated as Confidential Information prior to any such challenge shall be treated as such by the parties until further order of the Court has determined or ordered otherwise.  The burden rests on the Designating (or non-Designating) Party to demonstrate that the designation (or lack thereof) is proper.  The procedures in this paragraph 15 apply only to material marked as Confidential Information during proceedings before the Court.  Nothing in this paragraph shall be interpreted to permit any party to challenge any designation of Confidential Information made at the agency level except as specifically provided for by statute, CBP's procedures and regulations, and as set forth in paragraph 14.

Dated: _____                           _____
          New York, New York                                       Gary S. Katzmann, Judge