UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

|  |  |
|---|---|
| PHOENIX METAL CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> THE CAST IRON SOIL PIPE INSTITUTE, <br><br> Defendant-Intervenor. | Ct No. 23-00048 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION**
**FOR A VOLUNTARY REMAND**

Plaintiff Phoenix Metal Co., Ltd., by and through its counsel, hereby respond to Defendant's Partial Consent Motion for a Voluntary Remand, **ECF No. 32**, ("Def. Motion").

In Plaintiff's Rule 56.2 brief in support of Motion for Judgment on the Agency Record, Plaintiff challenged CBP's imposition of interim measures a due process violation because CBP failed to provide any notice to Plaintiff regarding EAPA Inv. 7621 until weeks after initiation. *See* Plaintiff's Rule 56.2 Memorandum In Support of Motion for Judgment upon the Agency record at 11-22, **ECF No. 30** ("Pl. R56.2 Br."). Plaintiff also argued that CBP's withholding of confidential information throughout the investigation violated Plaintiff's due process rights, whereby such information formed the basis for CBP's evasion determinations. *Id.* at 11-26. Moreover, Plaintiff argued that CBP's rejection of Plaintiff's rebuttal factual information to the verification report as "new factual information" was unlawful. *Id.* at 26-34. Lastly, Plaintiff

1

argued that CBP ignored substantial evidence on the record that prove that Phoenix produced the covered merchandise, cast iron soil pipe ("CISP"), in Cambodia. Instead, CBP arbitrarily drew adverse inferences in its findings against Plaintiff. *Id.* at 34-45.

Defendant concedes that the Federal Circuit in *Royal Brush* held that "there is no legitimate government interest {} in refusing to provide confidential business information {} when all government concerns about the necessity of secrecy can be alleviated by issuing a protective order{.}" *Royal Brush Mfg. v. United States*, 75 F.4th 1250, 1259 (Fed. Cir. 2023). However, Defendant requests only a limited remand to "provide the parties access to business confidential information" and to "further explain its decision to reject any information that Customs deemed to be 'new factual information' during the investigation." *See* Def. Motion at 5. The Court should reject the Government's remand request to merely provide the parties access to business confidential information. This is a hollow request because parties to this litigation have already gained access to the confidential information under the Judicial Protective Order. The Court should likewise reject the Government's remand request to further explain its decision to reject any information that it deemed to be "new factual information."

**I. Remand Request to Provide Confidential Information to Parties.**

An agency "may request a remand (without confessing error) in order to reconsider its previous position." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). In such circumstances, "if the agency's concern is substantial and legitimate, a remand is usually appropriate." *Id*. An agency's concerns are substantial and legitimate when (1) it supports its request with a compelling justification, (2) the need for finality does not outweigh the justification, and (3) the scope of the request is appropriate. *See Baroque Timber Indus*.

*(Zhongshan) Co. v. United States*, 37 CIT 1123, 1127 (2013).  However, "a reviewing court will refuse a request for voluntary remand that is frivolous or in bad faith{.}"

The Government's remand request to make business confidential information available to parties is frivolous and thus should be rejected.  As the Government is aware, the Court entered a Judicial Protective Order ("JPO") in this case and therefore already allowed all parties access to business confidential information on the underlying administrative record.  *See* Court Order re Protective Order (Mar. 31, 2023), **ECF No. 18**.  To be sure, providing parties access to confidential information under a JPO in no way cures the agency's due process violations committed during the EAPA investigation.  However, there is also no need to delay the proceeding by remanding the case back to the agency where the agency only proposes making business confidential information available to the parties after the fact.  Afterall, parties have had access to such information for months.  The real harm was in depriving the target of the investigation of the confidential information in the allegation and throughout the proceeding.  It is difficult to see how merely pasting a volume of previously withheld information on the record at the end of the investigation on remand would cure the due process violations.  As such, the government's remand request falls short of providing a compelling justification or establishing that the justification is not outweighed by the need for finality.  *See Baroque Timber Indus.*, 37 CIT at 1127.

Further, Plaintiff challenges not only CBP's withholding of confidential information throughout the investigation as a due process violation.  Indeed, Plaintiff argued that CBP's failure to provide timely notice to Plaintiff when it initiated EAPA Inv. 7621 "significantly prejudiced Phoenix with respect to managing its overall response to the investigation{,}" and "CBP's belated disclosure of the pre-interim measure documents {} runs contrary to the

Congressional intent of the EAPA statute, which is to *prevent* the evasion of AD and CVD Orders, not to entrap U.S. importers and maximize the Government's revenue." Pl. R56.2 Br. at 12 & 13. Plaintiff therefore requested the Court to remand this case to CBP "with instructions to lift all current enforcement measures and, if necessary, re-commence its EAPA investigation against Plaintiff, {sic} providing Plaintiff with timely notification of CBP's initiation of an EAPA investigation before re-imposing interim measures," among other remedies. The Court should order the Government to respond to these claims in briefing. Should the Court agree with Plaintiff's position, it can order CBP to re-commence its EAPA investigation in accordance with the Court's instruction. A remand order in this fashion would alleviate the need for CBP to take 90 days to make business confidential information available to parties, who have already had access to that information under the JPO.

In the alternative, if the Court grants Defendant's Motion, the Court should make clear in the remand order that CBP must not only make business confidential information available but also allow Phoenix a meaningful opportunity to submit information to rebut, correct, or clarify any record information. The Court has broad discretion in modifying or tailoring the scope of remand. *See Linyi Chengen Imp. & Exp. Co. v. United States*, Slip Op. 2023-147 at 26-27, 2023 Ct. Intl. Trade LEXIS 151* (Oct. 10, 2023) (denying defendant-intervenor's request to enter a remand order for Commerce to reopen the record). CBP had 300 days to consider the business confidential information that was never disclosed to Plaintiff in the underlying investigation. Accordingly, Plaintiff requests that if the Court orders remand, CBP should be instructed to provide reasonable opportunities and time to collect and prepare rebuttal factual information to any newly-disclosed business confidential information.

## II. Remand Request to Further Explain Rejection of "New Factual Information."

In its motion, Defendant stated that "Customs intends to also further explain its rejection of information that it deemed to be 'new factual information.'" Def. Motion at 3. Defendant then elaborated on this request by citing *Royal Brush*'s holding that there is no legitimate government interest in refusing to provide confidential business information. *Id.* The *Royal Brush* holding cited is clearly inapplicable to CBP's request to further explain the rejection of certain information Plaintiff submitted in the EAPA investigation as "new factual information." As such, the Government's motion failed to demonstrate that it has a substantial and legitimate concern warranting the Court to grant a voluntary remand in this regard.

To be sure, Plaintiff challenged CBP's rejection of certain rebuttal factual information as "new factual information" in the EAPA investigation. *See* Pl. R56.2 Br. at 34-37. Plaintiff further submits that, under *Royal Brush* and 19 C.F.R. § 165.23(c)(1), CBP's rejection of Plaintiff's rebuttal information is unlawful. *Id.* However, the Government's motion makes clear that Customs does not plan to accept such rejected information, instead it would only "further explain its rejection of information." Def. Motion at 3 & 5. Judicial review of agency decisions is based on the agency's reasoning provided at the time. Allowing CBP a second chance to explain its decision will significantly prejudice Plaintiff and also delay the progress of this litigation and heap additional litigation burdens on this small Plaintiff.

## III. Conclusion

For the foregoing reasons, Plaintiff requests that the Court deny Defendant's motion for voluntary remand and resume briefing. In the alternative, the Court should direct Defendants to make business confidential information collected in the underlying EAPA Investigation available

5

to all parties and allow a reasonable time, at least 30 days, for parties to submit rebuttal, correction, or clarifying factual information.

                        Respectfully submitted,

                        /s/ Gregory S. Menegaz
                        Gregory S. Menegaz
                        Alexandra H. Salzman
                        J. Kevin Horgan
                        Vivien J. Wang[*]
                        **deKieffer & Horgan, PLLC**
                        Suite 1101
                        1156 Fifteenth Street, N.W.
                        Washington DC 20005
                        Tel: (202) 783-6900
                        Email: gmenegaz@dhlaw.com
                        *Counsel to Plaintiff Phoenix Metal Co., Ltd.*

[*] Admitted to New Mexico Bar; practice limited to Federal International Trade Matters pursuant to D.C. Bar Rule 49(c)(2).