Slip Op. 24-7

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| **PHOENIX METAL CO., LTD.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**UNITED STATES,**<br><br>**Defendant,**<br><br>**and**<br><br>**CAST IRON SOIL PIPE INSTITUTE,**<br><br>**Defendant-Intervenor.** | **Before: Gary S. Katzmann, Judge**<br>**Court No. 23-00048** |

## OPINION AND ORDER

[ The Government's Motion for Voluntary Remand is Denied. ]

Dated: <u>January 23, 2024</u>

<u>Gregory S. Menegaz</u>, <u>Alexandra H. Salzman</u>, <u>J. Kevin Horgan</u>, and <u>Vivien J. Wang</u>, deKieffer & Horgan, PLLC, of Washington, D.C., for Plaintiff Phoenix Metal Co., Ltd.

<u>Liridona Sinani</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States. With her on the brief were <u>Brian M. Boynton</u>, Principal Deputy Assistant Attorney General, <u>Patricia M. McCarthy</u>, Director, <u>Franklin E. White, Jr.</u>, Assistant Director.  Of counsel on the brief was <u>Nicholas A. Morales</u>, Attorney, Office of the Chief Counsel, U.S. Customs and Border Protection, of Washington, D.C.

<u>Roger B. Schagrin</u>, Schagrin Associates, of Washington, D.C., for Defendant-Intervenor Cast Iron Soil Pipe Institute.

Katzmann, Judge:  Defendant the United States ("the Government") moves for a voluntary limited remand of this case to allow United States Customs and Border Protection ("Customs") to perform certain actions that the Government states will account for the recent decision by the

Court No. 23-00048                                                                                          Page 2

United States Court of Appeals for the Federal Circuit ("Federal Circuit") in <u>Royal Brush</u>

<u>Manufacturing, Inc. v. United States</u>, 75 F.4th 1250, 1254 (Fed. Cir. 2023).  Plaintiff Phoenix

Metal, Inc. ("Phoenix") opposes the motion.  The court denies the Government's motion for the

reasons explained below.  In so doing, the court intimates no view as to the ultimate outcome of

the underlying litigation.

## BACKGROUND

This case involves a challenge by Phoenix, a foreign importer of cast iron soil pipe, to three

actions undertaken by Customs in relation to an evasion investigation under the Enforce and

Protect Act ("EAPA"):  Customs's initiation of the investigation and imposition of interim

measures against Phoenix, Customs's affirmative determination of evasion, and Customs's

subsequent administrative review affirming that determination.  <u>See</u> 19 U.S.C. § 1517; Letter from

Customs to Phoenix, re: Notice of Initiation of Investigation and Interim Measures – EAPA

Consol. Case 7621 (Mar. 28, 2022), P.R. 73; Letter from Customs, re: Notice of Determination as

to Evasion (Sept. 6, 2022), P.R. 155[1]; Letter from Customs to Phoenix and Cast Iron Soil Pipe

Inst., re: Administrative Review of Determination of Evasion (Jan. 18, 2023), P.R. 165.

---

[1] Customs determined as follows:

> [S]ubstantial evidence exists demonstrating that, by means of material false statements or material omissions, Phoenix Metal entered Chinese-origin soil pipe subject to the [Antidumping/Countervailing Duty] Orders and failed to pay the requisite duties. While evidence on the record suggests that Phoenix Metal comingled Cambodian-origin and Chinese-origin soil pipe in its entries of soil pipe into the United States, because no reliable evidence exists to differentiate between Phoenix Metal's Cambodian-origin and Chinese-origin soil pipe, [Customs] determines that all of Phoenix Metal's entries of soil pipe into the United States during the POI are Chinese-origin based on adverse inferences and Phoenix Metal's aforementioned relationships with Chinese suppliers of soil pipe.

Court No. 23-00048                                                                                      Page 3

On August 9, 2023, Phoenix moved for judgment on the agency record.  <u>See</u> Pl.'s Br. in Support of Mot. For J. on the Agency R., Aug. 9, 2023, ECF No. 30 ("Pl.'s MJAR"); USCIT R. 56.  That motion is now pending before the court.  In it, Phoenix argues (<u>inter alia</u>) that Customs unlawfully withheld confidential information from Phoenix during the preliminary and investigative stages of the underlying proceeding.  Pl.'s MJAR at 23–25.  Phoenix also argues that Customs unlawfully deprived it of the right to rebut information contained in Customs's on-site verification report.  <u>Id.</u> at 26–37.  Phoenix seeks a remand to Customs "with instructions to lift all current enforcement measures and, if necessary, re-commence its EAPA investigation."  <u>Id.</u> at 45–46.

Relevant to these arguments is the Federal Circuit's July 27, 2023 decision in <u>Royal Brush</u>, 75 F.4th 1250.  Addressing a constitutional due process challenge to Customs's conduct of an EAPA evasion investigation, the Federal Circuit held that "[t]here is no legitimate government interest here in refusing to provide confidential business information to Royal Brush when all government concerns about the necessity of secrecy can be alleviated by issuing a protective order."  <u>Id.</u> at 1259.  <u>Royal Brush</u> postdated the evasion determinations underlying this case but predated Phoenix's pending Motion for Judgment on the Agency Record.

The Government filed the instant motion for voluntary remand on October 31, 2023.  <u>See</u> Def.'s Partial Consent Mot. for Voluntary Remand, Oct. 31, 2023, ECF No. 32 ("Gov't Mot.").[2] Phoenix filed a response in opposition to that motion on November 21, 2023.  <u>See</u> Pl.'s Resp. to Def.'s Mot. for Voluntary Remand, Nov. 21, 2023, ECF No. 35 ("Pl.'s Resp.").

---

<u>Id.</u> at 32.

[2] Defendant-Intervenor, the Cast Iron Soil Pipe Institute, consents to the motion.  Gov't Mot. at 1.

**DISCUSSION**

The Government initially frames its motion as a request "that the Court enter a limited voluntary remand in this case for up to 90 days so that [Customs] may reconsider or further explain its evasion determination in light of [Royal Brush, 75 F.4th 1250]."  Gov't Mot. at 1.  But the Government proceeds to clarify that the scope of its remand request is limited to allowing Customs to perform two actions: "to provide the parties access to business confidential information," and to "further explain its decision to reject any information that Customs deemed to be 'new factual information' during the investigation."  Gov't Mot. at 5.  The court holds that neither proposed action warrants remand at this time.

The Government may request a so-called "voluntary remand" to allow an agency to reconsider its own determination while a challenge to that determination is pending before the court.  SKF USA Inc. v. United States, 254 F.3d 1022, 1028 (Fed. Cir. 2001).  The standard the court applies in determining whether to grant such a request depends on the underlying circumstances: the Federal Circuit has outlined a "taxonomy" of potential scenarios (and their accompanying standards), two of which are relevant to this case.  Id. at 1028.  First is where the request is based on "intervening events outside of the agency's control, for example, a new legal decision or the passage of new legislation."  Id.  Here, "a remand is generally required if the intervening event may affect the validity of the agency action.  Id.  The second relevant scenario is where the Government, in the absence of any intervening event, seeks remand to allow the agency to "reconsider its previous position":

> [The agency] might argue, for example, that it wished to consider further the governing statute, or the procedures that were followed.  It might simply state that it had doubts about the correctness of its decision or that decision's relationship to the agency's other policies.

Id. at 1029.  In this type of situation, remand is subject to the reviewing court's discretion and "usually appropriate" if the request is based on a "substantial and legitimate" concern.  Id.  The phrase "substantial and legitimate," in turn, refers to situations where "1) [the agency] provide[s] a compelling justification for its remand request, 2) the need for finality—although an important consideration—does not outweigh the justification for voluntary remand presented by [the agency], and 3) the scope of [the] remand request is appropriate."  Ad Hoc Shrimp Trade Action Comm. v. United States, 37 CIT 67, 71, 882 F. Supp. 2d 1377, 1381 (2013) (internal quotation marks and citation omitted) (quoting Shakeproof Assembly Components Div. of Ill. Tool Works, Inc. v. United States, 29 CIT 1516, 1522–26, 412 F. Supp. 2d 1330, 1336–39 (2005)).

The court concludes that the Government's arguments for remand, in view of these principles, are unpersuasive.

## I. Supplementing the Record with Business Confidential Information Is Not an Appropriate Ground for Remand

As noted, the Government asserts that a "limited voluntary remand" is necessary to allow Customs, in light of Royal Brush, 75 F.4th 1250, to "reconsider the actions it took with respect to procedural steps leading up to the final decision; specifically, to provide the parties access to confidential business information."  Gov't Mot. at 1, 3.  The Government does not establish that voluntary remand is warranted on either of the relevant grounds identified by the Federal Circuit in SKF USA.

First, while the Government's remand request might appear to be based on "intervening events outside of the agency's control, for example, a new legal decision," the Government's motion does not ultimately contemplate Customs's potential reconsideration of the final evasion decision's ultimate validity or argue that the "intervening event" of Royal Brush "may affect the

validity of the agency action." <u>SKF USA</u>, 254 F.3d at 1028.  It proposes instead that Customs

reconsider "the actions it took with respect to procedural steps leading up to" the decision.  Gov't

Mot. at 3.  That is too attenuated a link between the remand's stated purpose and the validity of

the final agency action.  It is further attenuated by the specification that Customs's reconsideration

would merely comprise the act of "provid[ing] the parties access to confidential business

information."  Gov't Mot. at 3.  Without further explanation, such a narrowly tailored proposal

does not justify granting an "intervening events"–based remand request as outlined in <u>SKF USA</u>.

      Nor does the Government's request satisfy the Federal Circuit's "substantial and legitimate

concern" standard for remand requests lodged "in the absence of any intervening event."  <u>SKF</u>

<u>USA</u>, 254 F.3d at 1029.[3]  The Government's sole justification for remand is that "Customs now

intends to provide access to the confidential business information on the administrative record of

this proceeding to Phoenix's authorized representatives under a protective order."  Gov't Mot. at

3.[4]  But the practical impact of this disclosure is unclear: as Phoenix notes, Pl.'s Resp. at 3, all

---

[3] Although this case evidently involves the "intervening event" of <u>Royal Brush</u>, the Government rests its argument for remand on the "substantial and legitimate" framework that the Federal Circuit identified as applying to circumstances that do not involve an intervening event.  Gov't Mot. at 2 (quoting <u>SeAH Steel Corp. v. United States</u>, 34 CIT 605, 637, 704 F. Supp. 2d 1353, 1378 (2010)); <u>SKF USA</u>, 254 F.3d at 1029.

[4] The Government cites the court's recent order in the separate case of <u>Newtrend USA Co. v. United States</u>, No. 22-347, as an instance where the court has granted a "similar request for a limited remand to allow Customs the opportunity to reconsider or further explain its evasion determination in light of . . . <u>Royal Brush</u>."  Gov't Mot. at 3–4 n.1 (citing Order, <u>Newtrend USA Co. v. United States</u>, No. 22-347 (Oct. 20, 2023), ECF No. 68 ("<u>Newtrend</u> Order")).  That order is not meaningfully analogous for the simple reason that all parties in that case agreed that a voluntary remand, in principle, was appropriate—the "only dispute" was over the remand order's scope. <u>Newtrend</u> Order at 6.

Also non-supportive of the Government's position is the court's opinion and order in <u>Far East American, Inc. v. United States</u>, 47 CIT __, Slip Op. 23-176 (Dec. 14, 2023).  In that case, the

Court No. 23-00048                                                                                           Page 7

parties to this litigation have had access to the information at issue since the court's Protective

Order on March 31, 2023.  <u>See</u> Protective Order, Mar. 31, 2023, ECF No. 18.  Even supposing,

moreover, that providing this access on the administrative record would somehow meaningfully

impact this litigation, the Government does not explain why this action must take place now.  If

the court orders a remand upon considering Phoenix's pending Motion for Judgment on the

Agency Record, Customs will have an opportunity to perform the actions that the Government

specifies in the instant motion.  <u>See</u> Pl.'s MJAR.

## II.    *Further Explanation of Customs's Rejection of Phoenix's Submissions as "New Factual Information" Is Not an Appropriate Ground for Remand*

The Government also asserts that remand is necessary to allow Customs to further explain

why it rejected certain of Phoenix's rebuttal submissions as "New Factual Information"—an action

that Phoenix argues was unlawful in its separate Motion for Judgment on the Agency Record.  <u>See</u>

Gov't Mot. at 3; Pl.'s MJAR at 36 (citing 19 C.F.R. § 165.23(c)(1)).  This request is unsupported

by any independent justification—it appears to trail behind the Government's primary request for

remand on the confidential information issue.  Because the court denies that primary request for

the reasons explained above, the court denies this ancillary request as well.

---

court granted the Government's motion for voluntary remand on <u>Royal Brush</u>' confidential-
information issue over the objection of all plaintiffs.  <u>Id.</u> at 2.  But the court conditioned remand
on that issue on the non-dispositive nature of a separate, primary issue whose expeditious
resolution was a "substantial and legitimate concern" justifying remand in its own right.  <u>Id.</u> at 10–
11 ("The court will also grant the Government's motion for [Customs] to <u>reconsider its
determination</u> consistent with the requirement to share confidential information in light of [<u>Royal
Brush</u>].  However, compliance with [<u>Royal Brush</u>] is necessary only to the extent that Commerce's
negative covered merchandise determination is not determinative based on the record before
[Customs]." (emphasis added)).

Court No. 23-00048                                                                                    Page 8

**CONCLUSION**

The Government asks the court to pause briefing on the merits of this case with a remand order of carefully circumscribed scope.  But this request, as currently framed, is supported neither by a "compelling justification" nor any showing that the proposed scope is "appropriate."  <u>Ad Hoc Shrimp</u>, 37 CIT at 71, 882 F. Supp. 2d at 1381.  Of course, Customs will later have a chance to perform the actions outlined in the Government's motion if the court issues a remand order upon consideration of Plaintiff's pending Motion for Judgment on the Agency Record.  The court is accordingly unpersuaded by the Government's argument that a preemptive limited remand is appropriate or necessary at this stage.

In its motion for remand, the Government also requested "that the Court stay briefing on Phoenix's motion for judgment on the agency record."  Gov't Mot. at 5.  In consideration of this request, the court will set a new deadline of two weeks from the issuance of this order for Defendant and Defendant-Intervenor to submit their response briefs.  <u>See</u> USCIT R. 56.2(a)(1).

For the foregoing reasons, the court denies Defendant's motion for a voluntary remand. Defendant and Defendant-Intervenor are ordered to file their responses to Plaintiff's Motion for Judgment on the Agency Record within 14 days of this order.

**SO ORDERED**.

/s/   *Gary S. Katzmann*
Gary S. Katzmann, Judge

Dated: <u>January 23, 2024</u>
          New York, New York